UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VETON GJOLIKU,

    Petitioner,

v.                                                                                          Case No. 05-60228

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security, *et al.,*                    Hon. John Corbett O'Meara

    Respondents.

_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

    Before the court is Veton Gjoliku's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 on September 29, 2005. The government filed a response on October 17, 2005. Petitioner submitted a reply brief on October 25, 2005; and the government filed an additional brief in response on October 28, 2005. Petitioner filed a "reply to government's brief in response to reply brief" on November 3, 2005.

    Petitioner is a citizen of Albania. He entered the United States on January 26, 1999, and applied for asylum on February 2, 1999. His claim for asylum was denied on January 15, 2004; he appealed the decision to the Board of Immigration Appeals, which denied his appeal on June 9, 2005. Petitioner is now subject to a final order of removal, which has been stayed pending resolution of his Petition.

    The government contends that this court lacks jurisdiction to consider the Petition, because jurisdiction to review final orders of removal rests exclusively with the appropriate court of appeals. Indeed, 8 U.S.C. § 1252, which governs judicial review of orders of removal, was

amended by the REAL ID Act of 2005, which went into effect on May 11, 2005.  The amendments changed the scope of review of removal orders in immigration cases.  The statute now provides as follows:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added).  <u>See</u> <u>also</u> 8 U.S.C. § 1252 (b)(2) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.")

Petitioner has apparently filed a late petition with the Court of Appeals for the Second Circuit, which is the appropriate court of appeals.  (Petitioner states that the late filing was done by his previous counsel.)  Petitioner also seeks habeas relief here, despite the new provisions of 8 U.S.C. § 1252.  Petitioner contends that the statute does not apply to asylum claims.  Petitioner bases this argument on the language of § 1252(a)(2)(B)(ii), which provides:

> (2) Matters not subject to judicial review
>
> \* \* \*
>
> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of Title 28 . . . no court shall have jurisdiction to review –
>
> \* \* \*

> (ii) any other decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, <u>other than the granting of relief under section 1158(a) [asylum] of this title</u>.

8 U.S.C. § 1252(a)(2)(B). This provision does exempt asylum cases from "matters not subject to judicial review." It does not, however, address which court has jurisdiction to review asylum cases. Section 1252(a)(5) clearly provides that "a petition for review filed with an appropriate court of appeals in accordance with this section <u>shall be the sole and exclusive means for judicial review of an order of removal</u> entered or issued under any provision of this chapter. . . ." (emphasis added). Accordingly, this court lacks jurisdiction to consider Mr. Gjoliku's Petition.

Petitioner argues that the amendments to § 1252 that preclude habeas review at the district court level are unconstitutional under <u>INS v. St. Cyr</u>, 533 U.S. 289 (2001). In <u>St. Cyr</u>, the Court construed earlier amendments to § 1252, noting that

> A construction of the amendments at issue that would entirely preclude review of a pure question of law by any court would give rise to substantial constitutional questions. Article I, § 9, cl. 2, of the Constitution provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Because of that Clause, some "judicial intervention in deportation cases" is unquestionably "required by the Constitution."

<u>St. Cyr</u>, 533 U.S. at 300 (citation omitted). <u>St. Cyr</u> does not stand for the proposition, however, that <u>district court</u> review of removal orders is required under the Constitution. Indeed, the <u>St. Cyr</u> court noted that "Congress could, without raising any constitutional questions, provide an adequate substitute [to habeas review] through the courts of appeals." <u>Id</u>. at 314 n.38. Congress accepted this invitation by enacting the REAL ID Act in 2005. The amendments to § 1252, as

-3-

discussed above, were intended to consolidate judicial review of removal orders in the courts of appeals and to "provide an 'adequate and effective' alternative to habeas corpus." H.R. Conf. Rep. No. 109-72, at 175 (2005), reprinted in 2005 U.S.C.C.A.N. 240, 300.

Petitioner had the opportunity to seek judicial review of his removal order in the court of appeals. As the Court suggested in St. Cyr, such review is an "adequate substitute" to habeas corpus and does not violate Petitioner's constitutional rights.

Therefore, because this court lacks jurisdiction to consider Mr. Gjoliku's habeas petition, IT IS HEREBY ORDERED that his September 29, 2005 Petition for a Writ of Habeas Corpus is DISMISSED.

                               s/John Corbett O'Meara
                               John Corbett O'Meara
                               United States District Judge

Dated: January 11, 2006